JAMES B. WALLER *et al.*

*v.*

THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS—*notice of application for judgment.* It is a fatal objection to a judgment on a special assessment, that the record contains no notice of an application therefor.

2. And a notice that the collector would apply for a judgment against property assessed for private drains, would not authorize a judgment against the same lands for an assessment to curb, pave and grade a street.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. BARKER & TULEY, for the appellants.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application to the superior court of Chicago, at the February Term, 1869, by the city collector, for judgment against delinquent lands and city lots for the amount of a special assessment on warrant No. 486, which had been levied for curbing, filling and paving Canal street, from the south line of West Madison street to the north line of West Twelfth street.

On the first day of that term, the collector filed his report, that he had received the warrant for collection on the twenty-third of October, 1868; had given notice by publication in the corporation newspaper for ten days, consecutively, commencing on the twenty-ninth of October; that he had received the warrant for collection, and had given six days' notice of his intention to apply for a judgment, commencing the eighteenth of January, 1869. He, in his report, refers to the notices, and we find the notice that he had received the warrant, with a certificate of publication, in the record.

A careful examination of this transcript fails to show any notice or certificate of publication, that he would make application for a judgment on warrant No. 486. But it contains a notice that the collector would apply for judgment on warrants numbered 465, 466, 468, 469 and 470, described as special warrants for different private drains. There accompanies this last notice a certificate of publication. This is a fatal objection to this judgment, as the court can only acquire

jurisdiction in this class of proceedings by a proper notice of the application for a judgment, and none appears in this record. That is one of the jurisdictional facts that is indispensable.

By giving notice that the collector would apply for a judgment against property assessed for private drains, no one could be informed that he would apply for judgment against the same lands for an assessment to curb, pave and grade a street. Such a notice, if held sufficient, would mislead persons in interest, and be a fraud upon their rights. We fail to find that a proper notice of such an application was ever read in evidence. There is, therefore, no notice referred to in the report that can confer jurisdiction on the court to render the judgment, or evidence to sustain it if jurisdiction had been acquired.

It may be, that the clerk has made a mistake in preparing this transcript, but if so, we have no evidence of the fact. It is brought to and filed in this court, and errors assigned on it, and appellee has joined in error, thereby admitting that it is a true transcript of the record in the case. We are, therefore, compelled to pass upon the record as we find it, and as one of the objections raised in the court below was the want of a proper notice of intended application for judgment, we must hold the judgment erroneous. The other questions presented by this record requiring consideration have been determined by previous decisions of this court, in other cases at the present term, and we deem it unnecessary to again discuss them. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*